UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS CRUZ,

v.  Case No. 8:01-cr-213-T-17TGW
        8:04-cv-2397-T-17TGW

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Nicholas Cruz's amended 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-7; cr-108). The Government filed a response (Doc. cv-13), but the Defendant did not file a reply.

BACKGROUND

On June 13, 2002, a federal grand jury returned an indictment charging Cruz with one count of attempting to persuade, induce and entice an individual under eighteen years of age to engage in a sexual act for which a person could be charged with a criminal offense by using a means of interstate commerce, in violation of 28 U.S.C. § 2422(b), and one count of attempting to use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (d). (Doc. cr-11).

Before trial, Cruz moved to suppress incriminating statements that he made at the time of his arrest. (Doc. cr-28). The Court conducted an evidentiary hearing on the motion, (Doc. cr- 84 at 115), and then denied the motion. (Doc. cr-85 at 11-12). At trial, Cruz moved for a mistrial based on the fact that a Government witness had testified that Cruz had

"invoked his Miranda rights" at the time of his arrest.[1] ( Doc. cr-85 at 199-200). The Court denied the motion. (Doc. cr-86 at 201).

After the Government had rested, Cruz moved for a judgment of acquittal, arguing among other things that the Government had failed to prove that Cruz had believed that he was dealing with a person who was under the age of 18. (Doc. cr-86 at 185-86). Cruz also argued that the Government had failed to prove that the sexual acts that Cruz had suggested to the victim on-line constituted a criminal offense. (Doc. cr-87 at 33-34). The Court denied the motion. (Doc. cr-86 at 186; Doc. cr-87 at 34).

On January 31, 2002, the jury found Cruz guilty of the section 2422(b) charge but not guilty of the section 2251 charge. (Doc. cr-61). At sentencing, Cruz objected to a proposed two-level increase to his offense level pursuant to USSG §2A3.2(b)(2)(A) (2000), arguing that the Government had failed to prove that Cruz had misrepresented his age with the intent to induce a minor to commit prohibited sexual acts. (Doc. cr- 79 at 7-9). The Court denied the objection. (Doc. cr-79).

On May 7, 2002, the Court sentenced Cruz to serve forty-one months' imprisonment, to be followed by three years' supervised release. (Doc. cr-68). Cruz appealed the conviction and sentence to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 02-12964-HH. (See Attachment A to Doc. cv-13).

On appeal, Cruz raised the following issues:

a. Whether the Court erred in denying Cruz's motion to suppress for violation of Miranda rights.

b. Whether the Court abused its discretion by refusing to grant Cruz a mistrial

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

when a witness testified that Cruz had invoked his right to remain silent.

c. Whether the Court erred in denying Cruz's motion to strike the jury venire.

d. Whether the district erred in denying Cruz's motion for judgment of acquittal based on insufficient evidence where the government failed to prove that Cruz's conduct constituted a criminal offense.

e. Whether the Court erred when it concluded that a defendant could be convicted of persuading or inducing a person under 18 years of age to engage in sexual activities under 18 U.S.C. § 2422(b), where the person is an adult.

f. Whether the Court erred when it instructed the jury regarding witness credibility.

g. Whether the Court violated Cruz's Fifth Amendment right to be free from compelled self-incrimination by ordering Cruz to submit to polygraph testing as a condition of supervised release.

h. Whether the Court clearly erred by finding that Cruz had misrepresented his age to persuade or induce a minor to engage in sexual activity.

On August 13, 2003, the Eleventh Circuit affirmed the disposition of this case. (Doc. cr-93). Cruz sought a Writ of Certiorari to the United States Supreme Court, which was denied on December 8, 2003. (See Doc. cv-4). On December 15, 2004, Cruz filed an Amended Motion to Vacate, Set Aside or Correct Sentence (Doc. cv-7), raising the following grounds for relief:

Ground One: No Substantial Evidence for Conviction.

Ground Two: Non-Disclosure of Evidence/Instruction Manual to Prove if Constitutional.

Ground Three: Violation of Miranda Right/Law Enforcers' Perjury.

Ground Four: Ineffective Assistance of Counsel/Bias Judicial Discretion.

On December 21, 2004, the Court ordered the government to file a response to Cruz's motion within 25 days. (Doc. cv-8). The Court subsequently extended the time to

respond to March 3, 2005. (Doc. cv-12).

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Cruz's motion to vacate must be **DENIED**.

### Overview

Cruz's allegations raised regarding sufficiency of the evidence (Ground One); violation of Miranda rights (Ground Three); and the Court's upward departure (part of Claim Four) due to prior resolution are a restatement of issues raised and lost on direct appeal.

Cruz's claims of non-disclosure of instruction manual (Ground Two) and the Court's denial of his downward departure (part of Ground Four) are procedurally barred because these claims were not previously raised on direct appeal. Absent a showing of cause and prejudice for failure to raise the claims previously, the Court may not consider such claims. Cruz has failed to make such a showing.

Cruz's allegations concerning ineffective assistance of counsel do not entitle him to relief because he has failed to establish that his counsel was ineffective or that Cruz was prejudiced in any way by counsel's actions.

### A. PRIOR RESOLUTION

Prior resolution by the Eleventh Circuit of Cruz's claims regarding insufficiency of the evidence, violation of his Miranda rights, and the court's upward departure during sentencing, bars reconsideration of these claims. Cruz's claim that the evidence was insufficient to support his conviction raised in Ground One of his 2255 was previously raised in Issues 4 and 5 of his appeal brief. (Doc. cv-7 at 5; Doc. cv-13 -- Attachment A at 33-36 and 36-40).

Cruz's claim that his Miranda rights were violated raised in Ground Three of his 2255 was previously raised in Issue 1 of his appeal brief. (Doc. cv-7 at 5; Doc. cv-13 -- Attachment A at 25-28). Likewise, Cruz's disagreement with the Court's approval of an upward departure due to misrepresentation of his age raised as part of Ground Four of his 2255 was addressed in Issue 8 of his appeal brief. (Doc. cv-7 at 6; Doc. cv-13 -- Attachment A at 46-47).

Cruz raised these claims on direct appeal and on August 13, 2003, the Eleventh Circuit resolved all issues against him. (Doc. cr-93). The Eleventh Circuit concluded that after reviewing the record, reading the parties' briefs, and having the benefit of oral argument, there was no merit to any of the arguments Cruz made in his appeal and affirmed the conviction and sentence. (Doc. cr-93 at 3).

Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a Section 2255 proceeding. Davis v. United States, 417 U.S. 333 (1974); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). "Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)); see also Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995) (section 2255 motion is "neither a recapitulation of nor a substitute" for direct appeal; absent changed circumstances of fact or law, court will not reconsider an issue already decided on direct appeal). Cruz has established no extraordinary circumstances that would justify reconsideration of these claims. See Schlup v. Delo, 513 U.S. 298 (1995); Davis v. United States, 417 U.S. 333 (1974). Therefore, Cruz's claims are procedurally barred.

## PROCEDURAL DEFAULT

Cruz is not entitled to relief for his claims challenging the court's denial of disclosure of an instruction manual, and denial of Cruz's motion for departure (Grounds Two and part of Four) (Doc. cv-7 at 5-6) because they are procedurally defaulted. Ordinarily, claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. See Bousley v. United States, 523 U.S. 614, 622-24 (1998); United States v.Frady, 456 U.S. 152, 166 (1982); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001), cert. denied, 122 S.Ct. 2362 (2002).

When a defendant raises a constitutional claim on collateral review that he failed to raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and actual prejudice resulting from the error to excuse both defaults. McCoy, 266 F.3d at 1258-59. To show cause for not raising a claim in an earlier proceeding, Cruz must show "some external impediment preventing counsel from constructing or raising the claim." See High v. Head, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting McCleskey v. Zant, 499 U.S. 467, 497 (1991)). To establish prejudice, Cruz must prove that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." See Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotations omitted). This is a heavier burden than the burden of establishing plain error on appeal. See Frady, 456 U.S. at 164. The futility of raising a claim does not constitute sufficient cause to excuse the default. Bousley, 523 U.S. at 623; Jones v. United States, 153 F.3d 1305, 1307-08 (11th Cir. 1998).

Cruz raised these vague allegations without any support from the record or the law and has failed to meet his burden of establishing cause and actual prejudice resulting from

the error to excuse the default--why it was not raised on appeal. (Doc. cv-7 at 5-6). Thus, his claims are procedurally barred.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Cruz claims he received ineffective assistance of counsel because (1) his pretrial lawyer refused to file a motion for dismissal; (2) his "trial lawyer stated to the jury that case is not likeable;" and (3) his appeal lawyer was relieved a week before oral argument.( Doc. cv-7 at 6). Cruz offers no factual or legal basis on how counsel's actions were deficient or how he was prejudiced.

To prevail on a claim of ineffective assistance of counsel, the petitioner must establish deficient performance and resulting prejudice. The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984).  Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic,  466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S.

at 697. Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)), cert. denied, 531 U.S. 1204 (2001). Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Strickland, 466 U.S. at 688. This burden of persuasion, though not insurmountable, is a heavy one. See Chandler, 218 F.3d at 1314 (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)).

"'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts must avoid second-guessing counsel's performance." Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689-90). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" Chandler, 218 F.3d at 1314 (quoting Darden v.

Wainwright, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. See Chandler, 218 F.3d at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not ... that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." Id. Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." Id. Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." Chandler, 218 F.3d at 1315. For Caicedo to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Chandler, 218 F.3d at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317.

Considered in light of these standards, Cruz has failed to establish that counsel's performance was constitutionally deficient and that he was prejudiced. Cruz fails to offer any support for his allegations. The record, contrary to the defendant's claim, is replete with instances of his counsel's effectiveness: a motion to suppress, oral motions before and during trial, an oral motion for mistrial, effective cross examination of the government's witnesses, presentation of defense witnesses to show "role playing," and acquiring a not guilty as to one count of the indictment.

Claims not fairly raised will not be entertained on collateral attack. United States v. Jones, 614 F.2d 80 (5th Cir. 1980); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988) (claims raised only superficially). While a pro se litigant may be entitled to liberal

construction of his arguments, issues mentioned only superficially will not be treated as properly raised. Walker, 860 F.2d at 1011. Likewise, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991). Cruz's conclusory claims do not support an allegation of ineffective assistance of counsel.

Cruz has not established any basis for an evidentiary hearing because his claims have been previously raised and lost on appeal, are procedurally barred and have no merit.

Accordingly, the Court orders:

That Cruz's motion to vacate is denied, with prejudice. The Clerk is directed to enter judgment against Cruz in the civil case and to close that case.

ORDERED in Tampa, Florida, on November 7, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

```
AUSA: John F. Rudy, III
Pro Se Litigant: Nicholas Ureta Cruz, Jr.
```